**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4887 |
| Plaintiff - Appellee, | D.C. No. 1:23-cr-00163-BLW-1 |
| v. | |
| LUIS M. VILLALOBOS-GALDAMEZ, AKA Luis Villalobos-Galdamez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted November 6, 2025[**]
Portland, Oregon

Before: M. SMITH, NGUYEN, and H.A. THOMAS, Circuit Judges.

Luis M. Villalobos-Galdamez ("Villalobos-Galdamez") appeals from his

conviction for possession with intent to distribute methamphetamine, in violation

of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Villalobos-Galdamez challenges the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's denial of his motion to suppress evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

To prevail on a motion to suppress for omitted material, "the party challenging the warrant must show that the affiant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." *United States v. Ruiz*, 758 F.3d 1144, 1148 (9th Cir. 2014) (citing *Ewing v. City of Stockton*, 588 F.3d 1218, 1223–24 (9th Cir. 2009)).

"We review for clear error the district court's finding that a fact was not recklessly omitted from an affidavit supporting probable cause." *Ruiz*, 758 F.3d at 1148. Further, "[w]e review de novo the district court's conclusion that reckless omissions by a search warrant affiant did not fatally undermine a finding of probable cause." *Id.* (citing *United States v. Elliott*, 322 F.3d 710, 714 (9th Cir. 2003)).

1. The district court did not clearly err in finding that the detective acted negligently, and not recklessly, in omitting from the search warrant affidavit L.L.'s conviction for providing false information to a police officer. L.L.'s criminal history report did not show that this charge resulted in a conviction, and the detective followed his typical practice to only include the informant's charges that listed a conviction disposition in the affidavit. Further, the age of the charge—24 years at that point—diminishes its relevance. Thus, even if the fact that the charge

2                                                                                          24-4887

lacked a disposition necessitated further investigation, the district court did not clearly err in finding that the detective acted negligently in failing to investigate. *See Ruiz*, 758 F.3d at 1148.

2. Even if the detective acted recklessly, the addition of L.L.'s conviction for providing false information to a police officer does not invalidate probable cause here. Unlike in *United States v. Hall*, where the state trooper omitted multiple convictions, including a five-year-old conviction for falsely reporting a crime, 113 F.3d 157, 158 (9th Cir. 1997), the detective in this case only omitted one 24-year-old conviction. *See United States v. Meling*, 47 F.3d 1546, 1555 (9th Cir. 1995) (finding that the omitted 10-year-old convictions for forgery and fraud were stale and, thus, did not completely undermine the informant's credibility). Further, unlike in *Hall*, L.L.'s statements were partially corroborated by outside evidence. *Cf. Hall,* 113 F.3d at 158. For example, L.L.'s information matched a confidential reliable informant's statement that L.L.'s source was a Hispanic man and cartel runner who would deliver a large quantity of methamphetamines to L.L. sometime in late-April. Further, just as L.L. indicated that his/her source was someone named "Luis" with a 951-area code, L.L.'s phone records confirmed that he/she had been in contact with someone named "Luis" with a 951-area code.

Finally, the circumstances of L.L.'s arrest do not wholly invalidate his/her credibility because the affidavit established that L.L. received consideration for

cooperating and L.L. stated that he/she was scared to divulge information because the source was cartel-connected. *See Meling,* 47 F.3d at 1555 (finding that, even if the informant had been motivated by an award, that "did not make him a liar," in part because "he came forward despite threats of retaliation").

**AFFIRMED.**